UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER JOHN KNOX,

    Petitioner,

                                            Civil No: 04-70580
                                            HON. AVERN COHN

v.

PAUL RENICO,[1]

    Respondent.
_____/

## ORDER DENYING APPLICATION FOR A CERTIFICATE OF APPEALABILITY

**I.**

This is a habeas case under 28 U.S.C. §2254. Christopher John Knox ("Petitioner"), filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights, raising eight claims. The Court considered his claims on the merits and denied the petition. See Opinion and Order Denying Petition for Writ of Habeas Corpus, filed March 29, 2007.

Before the Court is Petitioner's application for a certificate of appealability on all of the claims raised in the petition. For the reasons that follow, the application is DENIED.

**II.**

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may

---

[1]The current warden is Blaine Lafler.

be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

] Petitioner raised eight habeas claims regarding his conviction. His application for a COA contains the same arguments considered and rejected by the Court in determining that all of Petitioner's claims lack merit. Under these circumstances, where Petitioner fails to present an explanation as to why reasonable jurists would debate the

Court's conclusions, the Court relies on all the reasons stated in the March 29, 2007 decision and finds that Petitioner is not entitled to a COA.

  SO ORDERED.

                s/Avern Cohn
                AVERN COHN
                UNITED STATES DISTRICT JUDGE

Dated: May 7, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Christopher Knox, 242927, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 on this date, May 7, 2007, by electronic and/or ordinary mail.

                s/Julie Owens
                Case Manager, (313) 234-5160